From: Law Firm        Fax: (866) 457-7366        To: Fax Filing Stanley Mosk Fax: +12136253244        Page 10of 34 08/31/2016 1:30 PM

**FEE WAIVER PENDING**

1  Ramin Kermani-Nejad (SBN. 268070)
   rk@kermanillp.com
2  Mohamad Ahmad (SBN. 275911)
3  ma@kermanillp.com
   Hani Ganji (SBN. 272925)
4  hg@kermanillp.com
   KERMANI LLP
5  2719 Wilshire Blvd., Ste. 200
6  Santa Monica, California 90403
   T: (424) 253.4254 | F: (866) 457.7366
7

8  Attorneys for Plaintiffs, HENRY RENE MEDINA III
   and ANTHONY MEDINA

**FILED**
Superior Court of California
County of Los Angeles

AUG 3 1 2016

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
        Judi Lara

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                     COUNTY OF LOS ANGELES

11

12  **HENRY RENE MEDINA III and**                Case No.   **BC 6 3 2 8 6 1**
    **ANTHONY MEDINA**, individually and as the
13  Successors in Interest to the Estate of Henry    **COMPLAINT FOR:**
    Rene Medina, Jr.,
14                                                   **1. Battery (Wrongful Death);**
15                                                   **2. Negligence (Wrongful Death);**
            Plaintiff,                               **3. Negligent Hiring, Training and Retention**
16                                                   **(Wrongful Death);**
                                                     **4. Assault and Battery (Survival Action);**
17      vs.                                          **5. Negligence (Survival Action);**
                                                     **6. Negligent Hiring, Training and Retention**
18  **COUNTY OF LOS ANGELES; CITY OF**              **(Survival Action);**
    **LOS ANGELES; LOS ANGELES POLICE**            **7. Violation of Civil Rights (42 U.S.C. §1983)**
19  **DEPARTMENT; LOS ANGELES PORT**               **(Survival Action);**
    **POLICE; OFFICER; and DOES 1 - 50,**          **8. Violation of Civil Rights (42 U.S.C. §§**
20  inclusive,                                       **1985(a), 1986) (Survival Action).**
21
            Defendants.                              **DEMAND FOR JURY TRIAL**
22

23

24         Plaintiffs, Henry Rene Medina III and Anthony Medina, individually and as surviving

25  children of Henry Rene Medina, Jr., hereby allege the following:

26                              **PARTIES**

27      1.      Plaintiffs, Henry Rene Medina III and Anthony Medina (collectively "Plaintiffs"),

28  are the surviving children of decedent Henry Rene Medina, Jr. ("Decedent"), and are individuals

-1-
COMPLAINT

**EXHIBIT 2 PAGE 13**

residing in Los Angeles County, California.

2.      Plaintiffs are the successors in interest of Decedent and are entitled to bring the causes of action herein alleged pursuant to California Civil Code Procedure ("CCP") section 377.30.  Attached hereto as Exhibit A is a true and correct copy of Decedent's Death Certificate as required by CCP 377.32.

3.      Defendant, City of Los Angeles (the "City"), is a municipal corporation within the State of California and the public employer of the Los Angeles Police Department police officers named as defendants in this action.

4.      Defendant, Los Angeles Police Department ("LAPD"), at all relevant times, was and is now a department of the City.

5.      Defendant, Los Angeles Port Policy ("LAPP"), at all relevant times, was and is now a department of the City.

6.      At all relevant times, Defendants, DOES 1 through 11, were duly appointed and acting LAPD and LAPP officers in the employ of the City.  In doing the acts hereafter described, Defendants, and each of them, were acting in their capacities as police officers and employees of Defendant City and in doing the acts hereinafter described, acted within the course and scope of their employment.

7.      At all relevant times, Defendants, DOES 12 through 50, were duly appointed and acting LAPD and LAPP officers in the employ of the City charged with the responsibility of training and supervising Defendant DOES 1 through 11 and in doing the acts herein described DOES 1 through 11 were acting with the implied and actual permission and consent of City, and Defendants 12 through 50 inclusive and each of them.

8.      Plaintiffs are informed and believe that DOES 1 through 50 are responsible in some manner for the events and happenings herein referred to, and caused injuries, death and damages proximately thereto Plaintiffs as described herein alleged.  The true names and capacities of DOES 1 through 50, inclusive are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names, and when the true names and capacities of said Defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

EXHIBIT 2 PAGE 14

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9.     Plaintiffs are informed and believe that on or about July 9, 2015, the City's Communications Division received calls that the possibly mentally ill Decedent was walking down the street, stating, "Help me, help me."

10.     A uniformed LAPP officer arrived on the scene and engaged Decedent, who responded, "I need help."

11.     Two uniformed LAPD officers arrived shortly thereafter and both noted that Decedent was sweating profusely and staggering.   When engaged by the LAPD officers, Decedent stated, "Can I have some water?" and complied with all their commands.

12.     As the LAPD officers got closer, Decedent stated, "I'm going to pass out. I'm having a heart attack."

13.     While the LAPD officers were handcuffing Decedent, two more uniformed LAPP officers arrived on the scene.

14.     After handcuffing and securing Decedent, none of the five LAPD and LAPP officers present at the time heeded Decedent's calls for help by calling an ambulance.   Rather, the officers proceeded to put Decedent into the back seat of one of their police cars.

15.     A sixth uniformed LAPP/LAPD officer then arrived while Decedent continued asking for help, saying "heart attack, heart attack."

16.     As Decedent was lying on his stomach with at least three LAPD/LAPP officers on top of him, a seventh LAPD/LAPP officer arrived and observed Decedent face down and handcuffed, stating, "You're killing me."

17.     Shortly thereafter, the eighth, ninth and tenth LAPD/LAPP officers arrived on the scene.

18.     Despite there being at least ten officers present around the Decedent, who was face-down, handcuffed and immobilized with the weight of numerous officers on him, one of the officers asked for a Hobble Restraint Device ("HRD") to further immobilize Decedent.

19.     Upon receiving the HRD, multiple LAPD/LAPP officers applied further

EXHIBIT 2 PAGE 15

unreasonable pressure and weight on Decedent's body to administer the HRD.  Upon doing so, the officers saw that Decedent was discolored and no longer breathing.

20.     At that time, the officers removed their collective and unreasonable weight from Decedent's body and finally called for medical assistance.

21.     Then an eleventh uniformed LAPD/LAPP officer arrived on the scene but was unable to revive Decedent, who was taken to the hospital and pronounced dead shortly thereafter.

22.     At no time did Decedent, who was begging for help from the beginning of his interactions with LAPP/LAPD, present an imminent threat of harm to Defendants or anyone else. At no time did Decedent make any aggressive or provocative movement such that a reasonable peace officer under the circumstances would have believed s/he was at threat of any injury, great bodily harm or death to anyone include the Defendant officers.

23.     Plaintiffs are informed and believe that Defendants, and each of them, used their power and position to violate Plaintiffs' constitutional rights by negligently, maliciously, unreasonably and/or unjustifiably assaulting, battering and using excessive force against Decedent.

24.     Plaintiffs are informed and believe that Defendants, and each of them, falsified, distorted, and/or covered up the nature and extent of the actions and involvement in the death of Decedent, so as to obstruct subsequent law enforcement prosecution, intervention, and/or civil suit.  Defendants committed overt acts in furtherance of this conspiracy by their actions in causing Decedent's death, as well as by their inactions and acquiescence in the conduct of each of their fellow Defendant officers prior to, at the time of, and subsequent to Decedent's death.  In further pursuit of this conspiracy, said Defendants, and each of them, made false statements regarding their conduct and that of Decedent during this incident, and committed other overt acts in furtherance of the conspiracy.

25.     At all time relevant hereto, Defendants DOES, and each of them, were acting within the course and scope of their duties as employees of Defendant LAPD and LAPP and under the color of law.

26.     On or about January 8, 2016 Plaintiffs caused to be presented to the Defendant

-4-

COMPLAINT

**EXHIBIT 2 PAGE 16**

City a claim for damages sustained as a result of the incident herein set forth ("Claim"). A copy of the Claim was received and acknowledged by the City and stamped received by the City Clerk on or about January 8, 2016. A copy of that Claim is attached and incorporated herein by reference as Exhibit B. Defendant City has not responded or rejected said Claim.

### FIRST CAUSE OF ACTION

### BATTERY - WRONGFUL DEATH

### (AGAINST ALL DEFENDANTS)

27. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

28. At all relevant times, Defendants DOES 1-50 were employed by the City, LAPP and/or LAPD. As such, they were acting within the course and scope of their duties as officers of LAPP and/or LAPD and under the color of law.

29. At all relevant times, Defendants DOES 1-50 did not have probable cause to believe that Decedent had committed or was about to commit a violent crime, or presented a reasonable threat of harm to them or anyone else.

30. On or about July 9, 2015, Defendants DOES 1-11, and each of them, handcuffed Decedent with his hands behind his back, with knowledge that he may have been mentally ill, sweating profusely, had begged for help numerous times, and stated he was having a heart attack. With such knowledge and already having immobilized Decedent with handcuffs, rather than seeking medical attention for Decedent, Defendants sought to further immobilize an already immobilized Decedent by putting the unreasonable body weight of multiple officers on Decedent, who was already lying face down and on his stomach and immobilizing him further with an HRD.

31. The conduct herein alleged was wrongful and done intentionally, maliciously and with deliberate indifference to the rights of Decedent and his heir.

32. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of Decedent, Decedent's heirs have incurred funeral and burial expenses in an amount according to proof at trial.

EXHIBIT 2 PAGE 17

## SECOND CAUSE OF ACTION

### NEGLIGENCE – WRONGFUL DEATH

### (AGAINST ALL DEFENDANTS)

33.    Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

34.    Defendants, and each of them, by their actions, including but not limited to immobilizing Decedent by handcuffing Decedent's hands behind his back, with the knowledge that he may have been mentally ill, sweating profusely, had begged for help numerous times, and stated he was having a heart attack, placed Decedent in to an induced dependency, reliance and increased risk of harm, thus creating a special relationship with Plaintiffs' Decedent.

35.    Based upon the special relationship outlined above, Defendants, and each of them, owed Decedent a duty to exercise due care under the circumstances created by Defendants. Defendants, and each of them, breached that duty of care by negligently, intentionally, maliciously or otherwise wrongfully, putting the weight of multiple officers on Decedent while he was already handcuffed, face down and on his stomach.

36.    As a further proximate result of the above-described conduct of Defendants, and each of them, and the ensuing death of Decedent, Decedent's heirs have incurred funeral and burial expenses in an mount according to proof at trial.

### THIRD CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING AND RETENTION  - WRONGFUL DEATH

### (Against City, County, LAPD and LAPP and Does 12-50)

37.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38.    Plaintiff is informed and believes that on and before July 9, 2015, Defendant City through Defendants LAPD, LAPP and Does 12-50 negligently hired, trained, supervised, employed and/or managed their Defendant officers in that the City knew or, in the exercise of reasonable diligence, should have known, that officer Defendant DOES 1-11 were dangerous an

EXHIBIT 2 PAGE 18

violent employees, prone to violate civil rights of Los Angelenos, prone to violence without reasonable justification, and in a manner than demonstrates callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force, and prone to conspire among themselves to obfuscate official investigatory activities, and prone to falsity, distort, and/or cover up the circumstances of their misconduct. Defendant DOES 12 – 50 were sergeants and/or supervisors of the other defendant officers, herein, and had duties with respect to the training of such officers, and who knew or should have known of the aforementioned propensities of the other defendant officers, Does 1 to 11, and each of them.

39.    As a proximate result of the negligent hiring, training and retention of the Defendant employees, Decedent was wrongfully killed on July 9, 2016.

40.    As a proximate result of the death of the Decedent and the above-described conduct of Defendants, and each of them, Decedent's heirs have sustained substantial economic and non-economic damages resulting from the loss of the love, comfort, society, attention, services and support of Decedent in an amount according to proof at trial.

41.    As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of Decedent, Decedent's heir has incurred funeral and burial expenses in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

### ASSAULT AND BATTERY – SURVIVAL ACTION

### (Against All Defendants)

42.    Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

43.    Plaintiffs are the successors in interest to the Estate of Decedent, and bring this cause of action in that capacity in place of Decedent who, but for his death, would bring this cause of action.

**EXHIBIT 2 PAGE 19**

44.     On July 9, 2015, Defendant officers committed assault and battery and killed Decedent even though he posed no reasonable or objective threat of violence to Defendant officers or to any other person.  At the time of the assault and battery, Defendants did not have probable cause to believe that Decedent had committed or was about to commit a crime, or presented a reasonable threat of harm to the deputies or anyone else, and the force used by Defendants was deadly, unjustified, unreasonable, and excessive.  In doing the aforementioned acts, the above-mentioned Defendants, and each of them, were not privileged, and there is no statutory or judicially created privilege attaching to any of these Defendants so as to exempt them from tortious liability for the above-described actions.

45.     As a proximate result of the above-mentioned conduct of Defendants, and each of them, Decedent suffered extreme pain and severe mental anguish, as well as mental and physical damage and injury to his mind and body.

46.     The above acts of the Defendants, and each of them, were outrageous, intentional and malicious, and done for the purpose of causing Decedent to suffer injury, humiliation, mental anguish and emotional and physical distress.  The conduct of the above-mentioned Defendants, and each of them, in confirming and ratifying this conduct was done with knowledge that the Decedent's and Plaintiffs' physical and emotional distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to the Decedent, entitling Decedent's Estate to exemplary damages in an amount according to proof at trial.  In doing the aforementioned acts, the above-mentioned Defendants, an each of them, were not privileged and there is no statutory or judicially created privilege attaching to any of these Defendants so as to exempt them from tortious liability for the above-described actions.

47.     The aforementioned acts of the Defendants, and each of them, were willful, wanton, malicious and oppressive, and justifying of exemplary and punitive damages as against the individual Defendants herein.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE – SURVIVAL ACTION**

**EXHIBIT 2 PAGE 20**

**(Against All Defendants)**

48.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

49.     Plaintiffs are successors in interest to the Estate of Decedent and bring this cause of action in that capacity in the place of Decedent, who, but for his death, would bring this cause of action.

50.     Plaintiffs are informed and believe that Defendants, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to negligently detaining Decedent, negligently assessing the circumstances presented at that time, negligently assessing the need to use deadly force against Decedent, negligently using deadly force against him without probable cause or reasonable suspicion to believe that it was necessary, or that Decedent had committed a crime, or would commit a crime in the future, negligently failing to determine the fact that Decedent posed no reasonable threat of physical harm to any person when he was struck from behind while handcuffed, negligently failing to prevent each of the other Defendants from using excessive force on Decedent, and negligently delaying medical aid to Decedent at the scene.  All of these negligent acts proximately caused Decedent's death on July 9, 2016.

51.     As a proximate result of the death of the Decedent and the above-described conduct of Defendants, and each of them, Decedent's heirs have sustained substantial economic and non-economic damages resulting from the loss of the love, comfort, society, attention, services and support of Decedent in an amount according to proof at trial.

52.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of Decedent, Decedent's heirs have incurred funeral and burial expenses in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING AND RETENTION  - SURVIVAL

## (Against City, County, LAPD and LAPP and Does 12-50)

-9-

**EXHIBIT 2 PAGE 21**

53.    Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

54.    Plaintiffs are successors in interest to the Estate of Decedent and bring this cause of action in that capacity in the place of Decedent, who, but for his death, would bring this cause of action.

55.    Plaintiffs are informed and believe that on and before July 9, 2015, Defendant City through Defendants LAPD, LAPP and DOES 12-50 negligently hired, trained, supervised, employed and/or managed their Defendant officers in that the City knew or, in the exercise of reasonable diligence, should have known, that these officers were dangerous an violent employees, prone to violate civil rights of Los Angelenos, prone to violence without reasonable justification, and in a manner than demonstrates callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force, and prone to conspire among themselves to obfuscate official investigatory activities, and prone to falsity, distort, and/or cover up the circumstances of their misconduct. Defendant DOES 12 – 50 were sergeants and/or supervisors of the other defendant officers, herein, and had duties with respect to the training of such officers, and who knew or should have known of the aforementioned propensities of the other defendant officers, Does 1-11, and each of them.

56.    As a proximate result of the negligent hiring, training and retention of the Defendant employees, Decedent was wrongfully killed on July 9, 2016.

57.    As a proximate result of the death of the Decedent and the above-described conduct of Defendants, and each of them, Decedent's heirs have sustained substantial economic and non-economic damages resulting from the loss of the love, comfort, society, attention, services and support of Decedent in an amount according to proof at trial.

**EXHIBIT 2 PAGE 22**

58.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of Decedent, Decedent's heir has incurred funeral and burial expenses in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

### (Against All Defendants)

59.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

60.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs and to Decedent by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

61.     Plaintiffs are the successors in interest to the Estate of Decedent, and bring this cause of action in that capacity and in place of Decedent, who but for his death, would bring this cause of action.

62.     At all times mentioned herein, Defendant City employed the individual Defendant DOES herein.  City provided its individual Defendant DOE employees and agents with official badges and identification cards, which designated and described the bearers as employees of said City.

63.     During all relevant times herein, the individual Defendants DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customer and usages of the State of California and City and County of Los Angeles. Each of the individual Defendant DOES here, separately and in concert, engaged and deprived Plaintiff and Decedent of the rights, privileged and immunities secured to Plaintiffs and Decedent by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

**EXHIBIT 2 PAGE 23**

64.     Plaintiffs are informed and believe and thereon alleges that on or about July 9, 2015, Defendants assaulted and battered Decedent, which led to hid death as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of his constitutional right to be free from unreasonable searches and seizures, and his due process rights to be free from arbitrary deprivations of life, liberty, property or the pursuit of happiness. These actions additionally violated Plaintiffs' rights to substantive due process, their right to privacy, their right to associate with their father, and their right to enjoy the care, companionship, and society of their father.

65.     Plaintiffs are informed and believe that Defendants, and each of them, thereafter willfully and intentionally undertook to protect their fellow officers involved in the above alleged incident from civil and criminal liability by covering up the true acts of Decedent's death in violation of Plaintiffs' constitutional rights. These facts include but are not limited to:

(a)     False statements that Decedent attempted to run away from Defendant officers after being handcuffed and immobilized.

66.     The facts alleged above are part of the customs, practices, policies and decisions of Defendant City, including but not limited to the following:

(a)     Using grossly excessive force on citizens;

(b)     Covering up the criminal and/or wrongful activities of fellow law enforcement officers by false reporting, false investigating, perjury and dishonestly, in violation of the rights of privileges of Plaintiffs and other citizens;

(c)     Inadequately and/or fraudulently investigating allegations of misconduct by fellow law enforcement officers, including the use of excessive force in order to cover up and protect fellow officers from disciplinary, criminal and civil actions in violation of Plaintiffs' and other citizens' rights and privileges to meaningful access to the courts as provided by the United States Constitution;

EXHIBIT 2 PAGE 24

(d)     By refusing to supervise, reprimand, and/or discipline law enforcement officers who engage in misconduct contrary to the laws, rules and regulations, those condoning the use of excessive force and the conducting of unlawful searches and seizures by officers, deputies and agents;

(e)     Intimidating, ostracizing and threatening citizens and other law enforcement officers who report acts of policy misconduct;

(f)     Refusing to undertake discovery of fellow law enforcement officers' misconduct or inadequately and impartially investigating the same;

(g)     Failing to enforce the laws, rules, regulations and procedures when an investigation is conducted of a fellow law enforcement officer, and thereby denying Plaintiffs and similarly situated citizens equal protection of the laws and meaningful access to the courts as provided by the United States constitution;

(h)     Inadequately training and supervising employees of the governmental entity, Defendants herein, with respect to the apprehension of suspects, the existence of probably cause, the proper use of force, and the investigation of police misconduct;

(i)     Choosing a policy which fails to implement procedures and policies to ensure that law enforcement officers impartially investigate police misconduct, including criminal misconduct, on the part of its officers, deputies, and agents;

(j)     Tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights, including the right to be free from interference with their right of association with their loved ones, their right to be free in their bodily integrity, security in their person house, papers, and effects against unreasonable searches and seizures and not to be arrested without probable cause;

67.     The above acts of omission of the Defendants were undertaken while under color of state law and resulting in violation of Plaintiffs' and Decedent's constitutional rights, as stated herein.

EXHIBIT 2 PAGE 25

68.     The above acts, omissions, customs, practices, and/or decisions of the City, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority an power, shock of conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the cause of protecting persons or property, or ensuring civil order.   The above acts, omissions, decisions, customs, practices, or policies were consciously chosen from amount various alternatives.

69.     Despites the fact that the City knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, the City has taken no steps or efforts to order a halt to this course of conduct, to make redress to Plaintiff or other citizens injured thereby, or to take any disciplinary action whatsoever against any of tis employees or agents.   As such, the governmental entity Defendants have ratified the wrongful conduct and custom resulting in violation of Plaintiffs' civil rights.

70.     Plaintiffs have a substantive right to access to courts as protected by the First Amendment right to petition. Plaintiffs have a right to present to the judiciary allegations concerning violations of fundamental constitutional rights as protected by the Due Process Clause of the Fifth and Fourteenth Amendment without interference from governmental authorities. Plaintiffs have a constitutionally protected right to institute a wrongful death suit in the courts for the death of his loved one, without interference from governmental authorities. Plaintiffs have a liberty interest to be free from abusive governmental action and to be accorded procedural and substantive due process of law. Plaintiffs have a property interest in recovering for the wrongful death of his loved one and the violation of his constitutional rights. Plaintiffs also have a liberty interest in maintaining their personal integrity, dignity, reputation and honor as family members and citizens and a right not to be deprived of their right of association with the Decedent. Plaintiffs' Decedent had a liberty interest to life and the right not to be deprived of

**EXHIBIT 2 PAGE 26**

liberty or property without due process of law. Plaintiffs' Decedent had the right to be free from unreasonable searches and seizures, the right to be free from punishment absent criminal conviction, the right to be free from the use of excessive force and the right to defend himself of any criminal charges without interference. All of these rights and privileges are secured to Plaintiffs and Plaintiffs' Decedent by the provisions of the First Amendment, Fourth Amendment and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendants, which proximately caused Decedent's death.

71.    Each of the individual Defendant DOES and the governmental entity Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendant DOES, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive Plaintiffs and Plaintiffs' Decedent of their rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary damages in an amount to be proven at the trial of this matter.

72.    As a direct and proximate result of the aforesaid acts, omission, customs, practices, policies and decisions of the Defendants, and each of them, Plaintiffs and Plaintiffs' Decedent have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, the loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Plaintiffs have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the vindication of their constitutional rights.

73.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees and expenses pursuant to 42 U.S.C. §1988.

## EIGTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§1985(a), 1986)

### (Against All Defendants)

-15-

EXHIBIT 2 PAGE 27

74.    Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

75.    This cause of action is to redress the deprivation under the color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by virtue of the conduct of the Defendants, and each of them, and their conspiracy to violate Plaintiffs' rights and privileges to the above-mentioned constitutional provisions.

76.    Defendants, and each of them, while clothed with authority as law enforcement officers and other governmental employees and agents and acting under color of law, conspired to violate Plaintiffs' civil rights, as fully set forth above.  Defendants agreed, through their actions and/or inactions and acquiescence, to use their power and position to violate the Plaintiffs' and Decedent's constitutional rights by unreasonably and without justification assaulting, battering and using excessive force against Decedent when he had done nothing to warrant their conduct, covering up facts with respect to the nature and extent of their involvement in the death of Decedent, covering up the fact that they, and each of them, intentionally and/or with deliberate indifference caused the death of Decedent, Defendants, and each of them, have conspired to prevent or prejudice the Plaintiffs' rights to redress in the courts and other rights and privileges.

77.    Defendants, and each of them, overtly acted in furtherance of this conspiracy by undertaking the acts stated above.

78.    Defendants, and each of them, consciously, intentionally, willfully and deliberately conspired and continue to conspire and agree among themselves to damage Plaintiffs by consciously, intentionally, willfully and deliberately destroying, altering, fabricating and/or failing to note and/or record evidence, in furtherance of the conspiracy to violate Plaintiff's civil rights.  Moreover, Defendants agreed and conspired to implement one or more of the policies and practices stated above resulting in violations of Plaintiff's constitutional rights.

-16-
COMPLAINT

**EXHIBIT 2 PAGE 28**

79.     Defendants, and each of them, furthered the conspiracy in such a fashion that the conspiracy became an informal and/or formal decision, practice or policy of the Defendants.

80.     Plaintiffs hereby demand that a jury be empaneled for the trial of this matter.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     Burial and funeral expenses according to proof at trial;

2.     General and special damages in an amount to be determined according to proof at trial;

3.     Emotional distress and mental pain and suffering in an amount to be proven at trial;

4.     Medical and related expenses according to proof at trial;

5.     Costs of suit incurred herein;

6.     Punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

7.     Attorneys' fees, investigation fees, and expert witness fees incurred herein; and

8.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims so triable.

Respectfully submitted,

KERMANI LLP

DATED: August 31, 2016

Ramin Kermani-Nejad
Attorneys for Plaintiff

-17-

COMPLAINT

**EXHIBIT 2 PAGE 29**

EXHIBIT 2 PAGE 30

# CERTIFICATION OF VITAL RECORD

## COUNTY OF LOS ANGELES • REGISTRAR–RECORDER/COUNTY CLERK

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 2/06)

STATE FILE NUMBER: 3052015152600
LOCAL REGISTRATION NUMBER: 3201519034187

### DECEDENT'S PERSONAL DATA

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| HENRY | RENEE | MEDINA JR |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR — Months / Days | IF UNDER 24 HOURS — Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| 07/26/1969 | 45 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hour) |
|---|---|---|---|---|---|
| CA | 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 | YES ☒ NO ☐ UNK | DIVORCED | 07/09/2015 | 0743 |

| 13. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (at box) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| SOME COLLEGE | ☐ YES ☒ (not worksheet on back) | NATIVE AMERICAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| REPOSSESSION MAN | REPOSSESSION MANAGEMENT SERVICES | 22 |

### USUAL RESIDENCE

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 5785 5785 SEMINOLE WAY |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| FONTANA | SAN BERNARDINO | 92336 | 45 | CA |

### INFORMANT

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| ANTHONY MEDINA, SON | 5785 SEMINOLE WAY, FONTANA, CA 92336 |

### SPOUSE/SRDP AND PARENT INFORMATION

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| | | |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| HENRY | RENEE | MEDINA | CA |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| LEONORE | | GUERRERO | MEXICO |

### FUNERAL DIRECTOR / LOCAL REGISTRATION

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 08/06/2015 | RES: ANTHONY MEDINA 5785 SEMINOLE WAY, FONTANA, CA 92336 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER |
|---|---|
| CR/RES | NOT EMBALMED |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| NEPTUNE SOCIETY | FD1289 | JEFFREY GUNZENHAUSER, MD | 08/06/2015 |

### PLACE OF DEATH

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| PROVIDENCE LITTLE CO OF MARY MED CTR | IP ☐ ER/OP ☒ DOA ☐ | Hospice ☐ Nursing Home/LTC ☐ Decedent's Home ☐ Other ☐ |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| LOS ANGELES | 1300 WEST 7TH STREET | SAN PEDRO |

### CAUSE OF DEATH

| 107. CAUSE OF DEATH | | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) DEFERRED | | ☒ YES ☐ NO Referral No. 2015-04744 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | (B) | | 109. BIOPSY PERFORMED? ☐ YES ☒ NO |
| | (C) | | 110. AUTOPSY PERFORMED? ☒ YES ☐ NO |
| | (D) | | 111. USED IN DETERMINING CAUSE? ☒ YES ☐ NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | ☐ YES ☐ NO ☐ UNK |

### PHYSICIAN'S CERTIFICATION

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since (A) mm/dd/ccyy / Decedent Last Seen Alive (B) mm/dd/ccyy | | | |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| |

### CORONER USE ONLY

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural ☐ Accident ☐ Homicide ☐ Suicide ☐ Pending Investigation ☒ Could not be determined ☐ | ☐ YES ☐ NO ☐ UNK | | |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| |

| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) |
|---|
| |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| REGINA AUGUSTINE | 08/06/2015 | REGINA AUGUSTINE, DEP. CORONER |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|
| | | | | | | *0100010029972556* | |

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

**SEP 08 2015**

*Dean C. Logan*
DEAN C. LOGAN
Registrar-Recorder/County Clerk

*1000000703423*

This copy not valid unless prepared on engraved border displaying the Seal and Signature of the Registrar-Recorder/County Clerk. (PBNCO) (REV) 07/11

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**EXHIBIT 2 PAGE 31**

EXHIBIT B

EXHIBIT 2 PAGE 32

# CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

FILED

COUNTY OF LOS ANGELES



**INSTRUCTIONS:**
1. Read claim thoroughly.
2. Fill out claim as indicated; attach additional information if necessary.
3. Please return this original signed claim and any attachments supporting your claim. This form **must** be signed.

DELIVER OR U.S. MAIL TO:
EXECUTIVE OFFICER, BOARD OF SUPERVISORS, ATTENTION: CLAIMS
500 WEST TEMPLE STREET, ROOM 383, KENNETH HAHN HALL OF
ADMINISTRATION, LOS ANGELES, CA 90012

2016 JAN -8 PM 4:58

(213) 974-1440

Mr. ☐   Ms. ☐   Mrs. ☐   LAST NAME Medina   FIRST NAME Henry

2. ADDRESS OF CLAIMANT/ ATTORNEY
8503 Comolette St.
Street
Downey   City, State CA   Zip Code 90242
HOME TELEPHONE: ( )
BUSINESS TELEPHONE: 692 205-5626

3. CLAIMANT'S BIRTHDATE: 04-07-88
4. CLAIMANT'S SOCIAL SECURITY NUMBER: 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

5. DATE AND TIME OF INCIDENT: July 9, 2015

6. WHERE DID DAMAGE OR INJURY OCCUR?
Street       City, State       Zip Code

7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:

Wrongful Death of
Henry Rene Medina II

8. WERE POLICE OR PARAMEDICS CALLED?   YES ☐   NO ☒

9. IF PHYSICIAN WAS VISITED DUE TO INJURY, INCLUDE DATE OF FIRST VISIT AND PHYSICIAN'S NAME, ADDRESS AND PHONE NUMBER:
DATE OF FIRST VISIT: July 9
PHYSICIAN'S NAME
PHYSICIAN'S ADDRESS
PHONE ( )

10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?
Negligence Wrongful Death
Emotional Damages

11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE):
NAME       DEPT.
NAME       DEPT.

12. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:
NAME       PHONE
ADDRESS
NAME       PHONE
ADDRESS
NAME       PHONE

13. LIST DAMAGES INCURRED TO DATE (and attach copies of receipts or repair estimate):
Harbor Division
LAPD

TOTAL DAMAGES TO DATE: $
TOTAL ESTIMATED PROSPECTIVE DAMAGES: $

**THIS CLAIM MUST BE *SIGNED***
**NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72)**

## WARNING

- CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURENCE. (GOVERNMENT CODE SECTION 911.2)

- ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF THE WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

- IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

14. PRINT OR TYPE NAME: Henry Medina   DATE: 1/8/16
15. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT:

REVISED 4/06

**EXHIBIT 2 PAGE 33**